THE TOWNSHIP OF FRANKLIN, respondent,

*v.*

WILSON T. JONES, appellant.

[Submitted July 8th, 1912.   Decided November 20th, 1912.]

A prayer for discovery in a bill in equity, in order to give jurisdiction in a suit otherwise cognizable at law, will not be deemed sufficient if it is not in aid of the facts necessary to establish the case of the complainant.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

*Mr. Austin H. Swackhamer,* for the appellant.

*Mr. Harvey F. Carr,* for the respondent.

The opinion of the court was delivered by

VREDENBURGH, J.

This bill is filed by the township against its clerk to collect from him various sums of money charged to have been illegally paid to and received by him from the township for his services and salary as clerk of the township. It exhibits certain payments made by it to him taken from the township ledger and minute books, commencing in the year 1893 and ending March 4th, 1910, totalling the sum of $3,050.37, purporting to have been paid him at certain dates during these years, for his attendance at committee meetings, for his services as township clerk, and for his salary as such clerk. These payments, for various reasons set forth in the bill, are charged to have been unlawful and contrary to the provisions of the statute in such case provided.

The prayer of the bill, so far as now material, is, that the defendant may set forth and discover what services were rendered by him as clerk during his continuance in office, for which he

was entitled to be compensated by law; the nature and particulars of the services for which he presented bills or statements, and how the same were made up, and what particular services, item by item, are comprehended thereby; and discover how many meetings of the township committee he attended as clerk thereof; and that he may be decreed to account to the complainant, and to pay over to it all moneys paid to him as aforesaid, to which he was not entitled by law.

Demurrer to the bill was filed by the defendant setting up that the complainant had not stated such a case as entitled it to any discovery from the defendant or any relief against him as to the matters contained in the bill; that the facts stated in the bill did not bring the cause under any head of equity jurisdiction, and that the complainant had an adequate remedy at law, and other causes not necessary to be noticed.

The demurrer was overruled in the court below.

It is evident, from the statement on the face of the bill and its prayer for discovery, that this is a pure collection suit by a creditor against his debtor for money had and received to the use of the former for which an action at law will lie, and that no fiduciary relation existed between the parties in respect to the money sued for. It is also plain that the discovery prayed for is not such as will give jurisdiction in equity since the matter sought to be elicited relates solely to the defence which the complainant expects the defendant will interpose to its suit, and is not matter sought for in aid of the facts necessary to establish complainant's case.

Under the principles settled in this court in the suit between the same township and Mathias F. Crane, decided at the present term, and for reasons given in the opinion there filed, I think the demurrer should have been sustained, and the order overruling it should therefore be reversed.

*For affirmance*—None.

